PROB 22-DC
(Rev. 2/88)

### TRANSFER OF JURISDICTION

## 08-20134-TP-MIDDLEBROOKS/GARBER

| | DOCKET [Transfe | **SEPT 19, 2008** |
|---|---|---|
| | | ELECTRONIC |
| | DOCKET CR-34-( | STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Jaime Rojas | District of Columbia | U.S. Probation Office |
| Miami Beach, Florida, | NAME OF SENTENCING JUDGE | |
| | John D. Bates | |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM July27, 2007 | TO July 26, 2010 |
|---|---|---|

OFFENSE

Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute 5 Kilograms or More of Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the U.S.

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_July 29, 2008_
Date

_____
United States [Judge Title] Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_Sept 9 2008_
Effective Date

_____
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

JAIME ROJAS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 04-34-08

**FILED**

Irwin Lichter
Defendant's Attorney

SEP 2 2 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 on July 14, 2004.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 21 USC 963, etc. | Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute 5 Kilograms of More of Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States | 2002 | 1 |

As pronounced on September 22, 2004, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2, 3, 4 and the Forfeiture Allegation are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the  22ⁿᵈ  day of  September , 2004.

The Honorable John D. Bates

Defendant's Soc. Sec. No.: XXX-XX-4966
Defendant's Date of Birth: XX-XX-80
Defendant's USM No.: 63601-004
Defendant's Residence and Mailing Address:

United States District Court
for the District of Columbia
**A TRUE COPY**
NANCY MAYER-WHITTINGTON, Clerk

By _____
Deputy Clerk

Defendant: JAIME ROJAS
Case Number: 04-34-08

Judgment - Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIFTY-TWO (52) MONTHS ON COUNT ONE (1) WITH CREDIT FOR TIME SERVED.

The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be incarcerated in FCI Coleman or another Bureau of Prisons facility in Florida.

2. That the defendant, if eligible, be admitted into the Bureau of Prisons' Shock (Boot Camp) Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
       Deputy Marshal

Defendant: JAIME ROJAS
Case Number: 04-34-08

Judgment - Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS ON COUNT ONE (1).

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.    The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1.   You will not leave the judicial district without permission of the Court or probation officer.
2.   You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3.   You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4.   You will successfully participate in cognitive/life skills training or similar programming as directed by the probation officer.
5.   You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
6.   You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7.   You will notify the probation officer at least ten days prior to any change of residence or employment.
8.   You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
9.   You will submit to urinalysis or other forms of testing to determine illicit drug use as directed by the probation officer; if directed by the probation officer, you will successfully participate in a program of testing and treatment (to include inpatient) for substance abuse until released from the program by the probation officer.
10.  You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
11.  You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
12.  You will provide access to all personal and business financial information as requested by the probation officer; and you shall, if directed by the probation officer, not apply for or acquire any credit unless permitted in advance by the probation officer.
13.  You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
14.  You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
15.  As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
16.  You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

1. The defendant shall notify the Clerk of Court for the U.S. District Court within thirty (30) days of any change of address until such time as the financial obligation is paid in full.

2. The defendant shall participate in an educational/vocational skills training program, as approved and directed by the probation office.

The Probation Officer shall release the presentence investigation report to all appropriate agencies, including treatment agencies, in order to execute the sentence of this Court. The treatment agencies shall return the presentence report to the Probation Office upon completion of defendant's term of supervised release,

Defendant: JAIME ROJAS
Case Number: 04-34-08

Judgment - Page 4 of 4

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100 for Count 1, which shall be due immediately.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant: JAIME ROJAS
Case Number: 04-34-08

Statement of Reasons - Page 1 of 1

# NOT FOR PUBLIC DISCLOSURE

## STATEMENT OF REASONS

The Court adopts the factual findings and guidelines application in the presentence report.

Guideline Range Determined by the Court:

| | | |
|---|---|---|
| Total Offense Level: | 23 | |
| Criminal History Category: | I | |
| Imprisonment Range: | 46 to 57 months | Count 1 |
| Supervised Release Range: | 3 to 5 years | Count 1 |
| Fine Range: | $10,000 to $4,000,000 | Count 1 |

Total amount of Restitution: $_ Not Applicable_

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, and the Court finds no reason to depart from the sentence called for by application of the guidelines. The sentence is imposed for the following reason(s):   extremely serious offense balanced against genuine remorse and withdrawal from conspiracy.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 04/01/80
Defendant's USM No.: 63601-004
Defendant's Residence and Mailing Address:



# NOT FOR PUBLIC DISCLOSURE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED

### Holding a Criminal Term

JAN 2 9 2004

### Grand Jury Sworn in on February 28, 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 04 - 034 |
| ~ v. | : |
| | : GRAND JURY ORIGINAL |
| ✓ VICTOR MEJIA-MUNERA, a/k/a Chesperito, Sebastian, El Loco | : VIOLATIONS: |
| ✓ MIGUEL MEJIA-MUNERA, a/k/a Don Pablo, El Mister, | : 21 U.S.C. §963 (Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States) |
| ✓ HEINER ARIAS-GOMEZ, a/k/a Julian, | |
| HERNANDO RENDON RIVERA, a/k/a Nando, | |
| WILSON DE JESUS VILLEGAS-JARAMILLO, a/k/a Dinastia, | : 46 U.S.C.App. §1903(j) (Conspiracy to Manufacture, Distribute and Possess Five Kilograms or More of Cocaine on Board a Vessel Subject to the Jurisdiction of the United States) |
| JUAN CARLOS RESTREPO-SUARES, a/k/a Barbas, | |
| GERMAN ANGULO, a/k/a El Negro, | : 46 U.S.C.App. §1903(a) (Manufacturing, Distributing and Possessing Five Kilograms or More of Cocaine on Board a Vessel Subject to the Jurisdiction of the United States) |
| JAIME ROJAS, aka Ya Tu Sabes, | : |

1

ORLANDO ZUNIGA,                    :   18 U.S.C. §2
a/k/a Fabio,                       :   (Aiding and Abetting)
                                   :
          Defendants.              :   21 U.S.C. §853
                                   :   21 U.S.C. §970
                                   :   46 U.S.C.App. § 1904
                                   :   (Forfeiture)

## INDICTMENT

## THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment, unless otherwise indicated:

## INTRODUCTION

1. The Mejia-Munera Drug Trafficking Organization, hereafter identified as the MDTO, is a drug trafficking organization based in Colombia, South America that distributes multi-thousand kilogram shipments of cocaine to the United States, Europe, and Canada.

2. **VICTOR MEJIA-MUNERA**, a/k/a Chesperito, Sebastian and El Loco, is the leader of the MDTO and directs the entire operation of the MDTO, including all of its trafficking and financial operations.

3. **MIGUEL MEJIA-MUNERA**, a/k/a Pablo, and El Mister, is the twin brother of Victor Mejia-Muenra and is second in command of the MDTO. Miguel Mejia-Munera is responsible for the procurement of cocaine in Colombia for distribution.

4. **HEINER ARIAS-GOMEZ**, a/k/a Julian, is a member of the MDTO who provides protection for cocaine shipments both before they leave Colombia, including guarding stored cocaine and cocaine that is being loaded onto "go-fast" boats, and while the cocaine shipments are being transported from Colombia to the United States and other

2

countries on board cargo vessels.  Arias-Gomez is also a bodyguard for members of the MDTO.

5.    **HERNANDO RENDON RIVERA**, a/k/a Nando, is a member of the MDTO who provides protection for cocaine shipments before they leave Colombia, including guarding cocaine that is stored in Colombia, and cocaine that is being loaded on to "go-fast" boats.  Rendon Rivera is also a bodyguard for members of the MDTO.

6.    **WILSON DE JESUS VILLEGAS-JARAMILLO**, a/k/a Dinastia, also provides protection for cocaine shipments before they leave Colombia, including guarding cocaine that is stored in Colombia, and cocaine that is being loaded on to "go-fast" boats. Villegas is also a bodyguard for members of the MDTO.

7.    **JUAN CARLOS RESTREPO-SUARES**, a/k/a Barbas, receives money in Colombia that is derived from the sale of the MDTO's cocaine.  Restrepo-Suares keeps an accounting of the amount of money paid to the MDTO, and by whom it is paid Restrepo-Suares also makes payments from that money on behalf of the MDTO

8.    **GERMAN ANGULO**, a/k/a Negro, purchases cargo vessels for the MDTO that are used to ship cocaine to the United States and other countries.

9.    **JAIME ROJAS**, a/k/a Ya Tu Sabes, receives money in Florida that is derived from the sale the MDTO's cocaine.  Rojas either makes payments from that money on behalf of the MDTO, or ensures that the money is transported to other members of the MDTO in Colombia.

3

10.   **ORLANDO ZUNIGA**, a/k/a Fabio, assists in organizing shipments of cocaine from Colombia for the MDTO.  Zuniga also assists in loading "go-fast" boats, and he travels on "go-fast" boats to deliver cocaine to other vessels.

## COUNT ONE

11.   Paragraphs 1 through 10 are repeated and realleged as though set forth herein.

## THE CONSPIRACY

12.   From in or about January 1994 and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the United States, the Republic of Colombia, and elsewhere, the defendants **VICTOR MEJIA-MUNERA, a/k/a Chesperito, Sebastian, and El Loco, MIGUEL MEJIA-MUNERA, a/k/a Don Pablo, and El Mister, HEINER ARIAS-GOMEZ, a/k/a Julian, HERNANDO RENDON RIVERA, a/k/a Nando, WILSON DE JESUS VILLEGAS-JARAMILLO, a/k/a Dinastia, JUAN CARLOS RESTREPO-SUARES, a/k/a Barbas, GERMAN ANGULO, a/k/a El Negro, JAIME ROJAS, a/k/a Ya Tu Sabes, ORLANDO ZUNIGA, a/k/a Fabio,** and others known and unknown to the Grand Jury did knowingly and intentionally combine, conspire, confederate and agree to commit the following offenses against the United States: (1) knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from the Republics of Colombia and Mexico, in violation of Title 21, United States Code, Sections 952 and 960, and (2) knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II

4

controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 960.

## OBJECT OF THE CONSPIRACY

13. It was the object of the conspiracy to transport cocaine by sea, on board "go fast" boats and cargo vessels, from Colombia to the United States, either directly or through Mexico, for distribution.

## MANNER AND MEANS OF THE CONSPIRACY

14. The defendants and other co-conspirators, both known and unknown to the Grand Jury, used the following manner and means to accomplish the goals of the conspiracy:

15. **VICTOR MEJIA-MUNERA** makes all decisions for the organization, including the amount of cocaine to be distributed, the method of distribution, the price per kilogram of cocaine, and the destination of the cocaine.

16. **MIGUEL MEJIA-MUNERA** and other members of the MDTO procure cocaine in Colombia, and transport that cocaine to the coast of Colombia, and to Venezuela where it is stored for later transport by the MDTO to the United States and other countries.

17. On behalf of the MDTO, **HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, and WILSON DE JESUS VILLEGAS-JARAMILLO** protect the cocaine in Colombia from seizure by law enforcement officers.

18. **GERMAN ANGULO** and other members of the MDTO procure large cargo vessels to transport cocaine to the United States and other countries.

5

19.   When transporting cocaine directly to the United States, **HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, and ORLANDO ZUNIGA** and other members of the MDTO load "go-fast" boats with cocaine, smuggle the cocaine from the coast of Colombia on "go-fast" boats, transfer the cocaine to larger cargo vessels at sea, and ship the cocaine on board the cargo vessels to the United States.

20.   When transporting cocaine to the United States via Mexico, **HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, and ORLANDO ZUNIGA** and other members of the MDTO smuggle cocaine out of Colombia on "go-fast" boats, and transfer the cocaine to Mexican narcotics transportation groups, who transport the cocaine into the United States on behalf of the MDTO.

21.   **VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, ORLANDO ZUNIGA, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA** and other members of the MDTO ship cocaine from Colombia and Venezuela to Canada, Spain, the Netherlands, and other countries on board cargo vessels, receive the money derived from the sale of cocaine in those countries, and use portions of that money to finance additional shipments of cocaine to the United States.

6

22.     In Florida, **JAIME ROJAS** and other members of the MDTO receive United States currency that was derived from the sale of cocaine, and ensure that the money is transported to Colombia.

*NO!*

23.     In Colombia, **JUAN CARLOS RESTREPO-SUARES** and other members of the MDTO receive the proceeds from the sale of cocaine, and maintain an accounting of the organization's funds.

24.     **VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, ORLANDO ZUNIGA, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA,** and other members of the MDTO prepare log books and drug ledgers to record amounts of cocaine that the MDTO transported, the price of the cocaine, and the money received from the sale of the cocaine.

*NO!*

25.     **VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, ORLANDO ZUNIGA, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA,** and other members of the MDTO use violence and the threat of violence, including using firearms, kidnaping, and extortion, to further their drug trafficking activities.

*NO*

## OVERT ACTS

26.     In furtherance of the conspiracy, and to effect and accomplish the objects thereof, within the United States, the Republic of Colombia, the Republic of Mexico, the Republic of

7

Venezuela, and elsewhere, one or more of the defendants, committed and caused to be committed one or more of the following overt acts, among others:

A.   In or about March 1998, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA and other co-conspirators imported more than 300 kilograms of cocaine from Colombia into the United States through Mexico.

B.   In or about April 1998, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA, and other co-conspirators imported more than 400 kilograms of cocaine from Colombia into the United States through Mexico.

C.   In or about June 1998, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA, and other co-conspirators imported approximately 2300 kilograms of cocaine from Colombia into the United States on board a cargo vessel.

D.   In or about September 1998, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA,

8

WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA, and other co-conspirators imported approximately 2100 kilograms of cocaine from Colombia into the United States on board a cargo vessel.

E.    In or about November 1998, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA, and other co-conspirators imported approximately 2200 kilograms of cocaine from Colombia into the United States on board a cargo vessel.

F.    On an unknown date in 1998, HEINER ARIAS-GOMEZ accompanied and safeguarded a shipment of cocaine aboard a cargo vessel that traveled from Colombia to the United States.

G.    On an unknown date in 1998 WILSON DE JESUS VILLEGAS-JARAMILLO accompanied and safeguarded a shipment of cocaine aboard a cargo vessel that traveled from Colombia to Europe.

H.    In or about April 1999, VICTOR MEJIA-MUNERA, and other members of the conspiracy caused approximately $2,500,000, proceeds from the sale of cocaine, to be transported to Florida for delivery to JAIME ROJAS.

I.    In or about August 2001, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS

9

RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO

ZUNIGA, and other co-conspirators imported approximately 5000 kilograms of

cocaine from Colombia into the United States through Mexico.   NO

J.   On an unknown date in early 2003, VICTOR MEJIA-MUNERA, MIGUEL

MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON

RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS

RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO

ZUNIGA, and other co-conspirators imported more than 200 kilograms of   NO

cocaine from Colombia into the United States.

In violation of Title 21, United States Code, Sections 960, 963, and Title 18, United

States Code, Section 2.

## COUNT TWO

27.   Paragraphs 1 through 10 are repeated and realleged as though set forth herein

## THE CONSPIRACY

28.   From in or about May 1999 and continuing thereafter up to and including the date of the

filing of this Indictment, the exact dates being unknown to the Grand Jury, in the United

States, the Republic of Colombia, The Republic of Venezuela, and elsewhere, the

defendants VICTOR MEJIA-MUNERA, a/k/a Chesperito, Sebastian, and El Loco,

MIGUEL MEJIA-MUNERA, a/k/a Don Pablo, and El Mister, HEINER ARIAS-

GOMEZ, a/k/a Julian, HERNANDO RENDON RIVERA, a/k/a Nando, WILSON

DE JESUS VILLEGAS-JARAMILLO, a/k/a Dinastia, JUAN CARLOS

RESTREPO-SUARES, a/k/a Barbas, GERMAN ANGULO, a/k/a El Negro, JAIME

10

ROJAS, a/k/a Ya Tu Sabes, ORLANDO ZUNIGA, a/k/a Fabio, and others known and unknown to the Grand Jury did knowingly and intentionally combine, conspire, confederate and agree to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code Appendix, Section 1903(a).

## OBJECT OF THE CONSPIRACY

29. It was the object of the conspiracy to transport cocaine on board cargo vessels on the high-seas, from Colombia to the United States and other countries.

## MANNER AND MEANS OF THE CONSPIRACY

30. Paragraphs 14 through 25 are repeated and realleged as though set forth herein.

## OVERT ACTS

31. In furtherance of the conspiracy, and to effect and accomplish the objects thereof, within the United States, the Republic of Colombia, the Republic of Venezuela, and elsewhere, one or more of the defendants, committed and caused to be committed one or more of the following overt acts, among others:

A.    In or about May 1999, VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA, and other co-conspirators caused approximately 4000 kilograms of

11

cocaine to be loaded on board the Motor Vessel China Breeze in international waters which was traveling to Portugal.

B.  In August 2000, **VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA**, and other co-conspirators possessed more than 8,000 kilograms of cocaine for distribution in Venezuela.

C.  In or about August 2000, **VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA**, and other co-conspirators possessed approximately 4900 kilograms of cocaine in hidden storage locations in Venezuela that was loaded onto "go-fast" boats in the Orinoco River with the intent to transport the cocaine to international waters and load the cocaine on board the Motor Vessel Suerte I, which was scheduled to transport the cocaine to Spain.

In violation of Title 46, United States Code Appendix, Sections 1903(g) and 1903(j), Title 21, United States Code, Section 960(b)(1)(B)(ii) and Title 18, United States Code, Section 2.

12

## COUNT THREE

32.    In or about May 1999, the defendants **VICTOR MEJIA-MUNERA, a/k/a Chesperito,**

**Sebastian, and El Loco, MIGUEL MEJIA-MUNERA, a/k/a Don Pablo, and El**

**Mister, HEINER ARIAS-GOMEZ, a/k/a Julian, HERNANDO RENDON RIVERA,**

**a/k/a Nando, WILSON DE JESUS VILLEGAS-JARAMILLO, a/k/a Dinastia,**

**JUAN CARLOS RESTREPO-SUARES, a/k/a Barbas, GERMAN ANGULO, a/k/a**

**El Negro, JAIME ROJAS, a/k/a Ya Tu Sabes, ORLANDO ZUNIGA, a/k/a Fabio,**

did knowingly and intentionally possess with intent to distribute five kilograms or more

of a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, to wit approximately 4000 kilograms, on board the Motor Vessel

China Breeze, a vessel subject to the jurisdiction of the United States.

In violation of Title 46, United States Code Appendix, Sections 1903(a) and 1903(g) and

Title 18, United States Code, Section 2.

## COUNT FOUR

33.    In or about August 2000, the defendants **VICTOR MEJIA-MUNERA, a/k/a**

**Chesperito, Sebastian, and El Loco, MIGUEL MEJIA-MUNERA, a/k/a Don Pablo,**

**and El Mister, HEINER ARIAS-GOMEZ, a/k/a Julian, HERNANDO RENDON**

**RIVERA, a/k/a Nando, WILSON DE JESUS VILLEGAS-JARAMILLO, a/k/a**

**Dinastia, JUAN CARLOS RESTREPO-SUARES, a/k/a Barbas, GERMAN**

**ANGULO, a/k/a El Negro, JAIME ROJAS, a/k/a Ya Tu Sabes, ORLANDO**

**ZUNIGA, a/k/a Fabio,** did knowingly and intentionally attempt to possess with intent to

distribute five kilograms or more of a mixture and substance containing a detectable

13

amount of cocaine, a Schedule II controlled substance, to wit approximately 4900 kilograms, on board the Motor Vessel Suerte I, a vessel subject to the jurisdiction of the United States. *NO*

In violation of Title 46, United States Code Appendix, Sections 1903(a), 1903(g) and 1903(j) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The violations alleged in Counts One through Four are realleged and incorporated by reference herein.

As a result of the offenses alleged in Counts One through Four,  **VICTOR MEJIA-MUNERA, a/k/a Chesperito, Sebastian, and El Loco, MIGUEL MEJIA-MUNERA, a/k/a Don Pablo, and El Mister, HEINER ARIAS-GOMEZ, a/k/a Julian, HERNANDO RENDON RIVERA, a/k/a Nando, WILSON DE JESUS VILLEGAS-JARAMILLO, a/k/a Dinastia, JUAN CARLOS RESTREPO-SUARES, a/k/a Barbas, GERMAN ANGULO, a/k/a El Negro,  JAIME ROJAS, a/k/a Ya Tu Sabes, ORLANDO ZUNIGA, a/k/a Fabio,** the defendants,

(1)     with respect to Count One, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title or interest which such defendants may have in:

    (a)     any and all money and/or property constituting, or derived from, any proceeds which such defendants obtained, directly or indirectly, as the result of the violations alleged in Counts One through Two of this Indictment; and

14

(b)     any and all property used, in any manner or part, to commit, or to facilitate the commission of, the violations alleged in Counts One through Seven of this Indictment,

(2)     with respect to Counts Two, Three and Four, shall forfeit to the United States. pursuant to Title 46. United States Code, Section 1904, any and all respective right, title or interest which said defendants may have in any property described in Title 21, United States Code, Section 881(a), that is used or intended for use to commit, or to facilitate the commission of, the knowing or intentional manufacture, distribution, or possession with intent to manufacture or distribute, a controlled substance.

(3)     If any of said forfeitable property, as a result of any act or omission of the defendant - -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to. or deposited with. a third party:

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code. Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property.

15

Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970,

and Title 46, United States Code Appendix, Section 1904.

A TRUE BILL:

_____
FOREPERSON.

Jodi L. Avergun, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By:

Steven N. Siegel
Trial Attorney
Narcotic and Dangerous Drug Section .
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 514-0917

16

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:04-cr-00034-JDB-8

Case title: USA v. MEJIA-MUNERA et al

Date Filed: 01/29/2004
Date Terminated: 09/22/2004

Assigned to: Judge John D. Bates

### Defendant (8)
**JAIME ROJAS**
*also known as*
YA TU SABES

represented by **H. Heather Shaner**
1702 S Street, N.W.
Washington, DC 20003
(202) 265-8210
Fax: (202) 332-8059
Email: hhsesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Irwin G. Lichter**
321 N.E. 26th Street
Miami, FL 33137
(305) 573-0551
Fax: (305) 573-6251
*ATTORNEY TO BE NOTICED*
*Designation: Pro Bono*

### Pending Counts

21:960, 963; 18:2 NARCOTICS -
IMPORTATION/EXPORTATION;
Conspiracy to Import Five Kilograms or
More of Cocaine and to Manufacture
and Distribute Five Kilograms or More
of Cocaine Intending and Knowing that
the Cocaine Will Be Unlawfully
Imported into the United States; Aiding
and Abetting.
(1)

### Disposition

Sentenced to Fifty-Two (52) months on
Count 1, with credit for time served;
followed by Three (3) years supervised
release. A One Hundred Dollar special
assessment is imposed.

### Highest Offense Level (Opening)

Felony

https://ecf.dcd.uscourts.gov/cgi-bin/DktRpt.pl?118615453801787-L_567_0-1                9/19/2008

| **Terminated Counts** | **Disposition** |
|---|---|
| 46 U.S.C.App. 1903(j); 21:960(b)(1)(B)(ii); 18:2 NARCOTICS - MANUFACTURE; Conspiracy to Manufacture, Distribute and Possess Five Kilograms or More of Cocaine on Board a Vessell Suject to the Jurisdiction of the United States; Aiding and Abetting. (2) | Count 2 and forfeiture allegation are dismissed on U.S.A.'s motion. |
| 46 U.S.C.App. 1903(j); 18:2 NARCOTICS - MANUFACTURE; Manufacturing, Distributing and Possessing Five Kilograms or More of Cocaine on Board a Vessel Sujbect to the Jurisdiction of the United States; Aiding and Abetting. (3) | Count 3 and forfeiture allegation are dismissed on U.S.A.'s motion. |
| 46 U.S.C.App. 1903(a), 1903(g), 1903(j); 18:2 NARCOTICS - MANUFACTURE; Manufacturing, Distributing and Possessing Five Kilograms or More or Cocaine on Board a Vessel Subject to the Jurisdiction of the United States; Aiding and Abetting. (4) | Count 4 and forfeiture allegation are dismissed on U.S.A.'s motion. |

### Highest Offense Level (Terminated)

Felony

### Complaints
**Disposition**

None

---

### Plaintiff

**USA**          represented by   **Bruce R. Hegyi**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 11-443
Washington, DC 20530
(202) 305-9637
Fax: (202) 307-6059
Email: bruce.hegyi@usdoj.gov
*TERMINATED: 01/09/2007*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jeanne Marie Hauch**
U.S. ATTORNEY'S OFFICE
Economic Crimes Section
555 Fourth Street, NW
Washington, DC 20001
(202) 514-5776
Fax: (202) 307-6059
Email: jeanne.m.hauch@usdoj.gov
*TERMINATED: 01/09/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Schneider**
U.S. DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Room 11-300
Washington, DC 20530
(202) 616-4940
Email: larry.schneider@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Weyler**
UNITED STATES DEPARTMENT OF
JUSTICE
Criminal Division
1400 New York Avenue, 8th floor
Washington, DC 20005
(202) 353-2586
Email: sarah.weyler@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Steven N. Siegel**
U.S. DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-5540
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2004 | 1 | SEALED INDICTMENT as to VICTOR MEJIA-MUNERA (1) count(s) 1, 2, 3, 4, MIGUEL MEJIA-MUNERA (2) count(s) 1, 2, 3, 4, HEINER ARIAS-GOMEZ (3) count(s) 1, 2, 3, 4, HERNANDO RENDON RIVERA (4) count(s) 1, 2, 3, 4, WILSON DE JESUS VILLEGAS-JARAMILLO (5) count(s) 1, 2, 3, 4, JUAN CARLOS RESTREPO-SUARES (6) count(s) 1, 2, 3, 4, GERMAN ANGULO (7) count(s) 1, 2, 3, 4, JAIME ROJAS (8) count(s) 1, 2, 3, 4, ORLANDO ZUNIGA (9) count(s) 1, 2, 3, 4. (FORFEITURE |

| | | |
|---|---|---|
| | | ALLEGATIONS) (erd) (Entered: 02/03/2004) |
| 01/29/2004 | | DOB 4/1/80 and PDID NO. N/A as to JAIME ROJAS (zerd) (Entered: 02/03/2004) |
| 01/29/2004 | | Bench Warrant Issued by Mag/Judge Deborah A. Robinson as to JAIME ROJAS. (zerd) (Entered: 02/03/2004) |
| 01/29/2004 | 2 | MOTION to Seal Case by USA as to VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA. (zerd) (Entered: 02/03/2004) |
| 01/29/2004 | 3 | ORDER granting 2 Motion to Seal Case as to VICTOR MEJIA-MUNERA (1), MIGUEL MEJIA-MUNERA (2), HEINER ARIAS-GOMEZ (3), HERNANDO RENDON RIVERA (4), WILSON DE JESUS VILLEGAS-JARAMILLO (5), JUAN CARLOS RESTREPO-SUARES (6), GERMAN ANGULO (7), JAIME ROJAS (8), ORLANDO ZUNIGA (9). Signed by Mag/Judge Deborah A. Robinson on 1/29/04. (zerd) (Entered: 02/03/2004) |
| 04/23/2004 | 4 | MOTION for revocation of release order and for a further stay of the release orderby USA as to JAIME ROJAS; attachments (2). (zmlp, ) (Entered: 04/27/2004) |
| 04/28/2004 | 5 | ORDER as to JAIME ROJAS, directing that the 4/16/04 Order denying the government's request for pretrial detention and setting bond is stayed pending this Court's ruling on the government's pending motion for revocation of release order. Signed by Judge John D. Bates on 4/28/04. (N) (zmlp, ) (Entered: 05/04/2004) |
| 05/04/2004 | 6 | Bench Warrant Returned Executed on 5/4/04 as to JAIME ROJAS. (Bench warrant issued 1/29/04) (zmlp, ) (Entered: 05/11/2004) |
| 05/04/2004 | | Minute Entry for proceedings held before Magistrate Judge Alan Kay : bench warrant issued 1/29/04 returned executed;arraignment as to JAIME ROJAS (8) on Counts 1,2,3,4 held on 5/4/2004; case unsealed as to this defendant only, (the defendant's hearing in Florida was not sealed); plea of not guilty entered by JAIME ROJAS on counts 1,2,3,4; C.J.A. counsel appointed to represent the defendant at this time; defendant to file a financial affidaivt; bond review hearing set before Judge Bates on 5/6/04 at 9:30 a.m.; defendant to be held in custody pending the bond review hearing. Defendant committed/commitment issued. (Court Reporter Pro-Typists, Inc.) (zmlp, ) (Entered: 05/11/2004) |
| 05/04/2004 | 7 | NOTICE OF ATTORNEY APPEARANCE: H. Heather Shaner appearing for JAIME ROJAS. (zmlp, ) (Entered: 05/11/2004) |
| 05/13/2004 | 8 | MOTION for Leave to Appear pro hac vice by Irwin G. Lichter, Esq.as to JAIME ROJAS. Attorney's address: 321 N.E. 26th Street, Miami, Florida 33137; telephone number: (305) 573-0551; Fax number: (305) 573-6251. (zmlp, ) (Entered: 05/17/2004) |
| 05/13/2004 | 10 | NOTICE OF ATTORNEY APPEARANCE: Irwin G. Lichter appearing for JAIME ROJAS. (zmlp, ) (Entered: 05/21/2004) |

| 05/13/2004 | | Minute Entry for proceedings held before Judge John D. Bates :bond review/detention hearing as to JAIME ROJAS held on 5/13/2004; defendant continued held without bond. Order forthcoming. Government witness: Special Agent Douglas Waters. Defendant committed/commitment issued. (Court Reporter Bryan Wayne.) (zmlp, ) (Entered: 05/24/2004) |
|---|---|---|
| 05/14/2004 | 9 | ORDER granting 8 Motion for Leave to Appear pro hac vice for Attorney Irwin G. Lichter as to JAIME ROJAS (8).Signed by Judge John D. Bates on 5/14/04. (N) (zmlp, ) (Entered: 05/21/2004) |
| 05/20/2004 | 11 | MEMORANDUM OPINION as to JAIME ROJAS, ordering that the defendant is held without bond pending trial, and the Order of 4/16/04, by the U.S. District Court for the Southern District of Florida (McAliley, M.J.) is revoked and vacated. Signed by Judge John D. Bates on 5/20/04. (N) (zmlp, ) (Entered: 05/25/2004) |
| 06/08/2004 | 12 | MOTION to Unseal Case by USA as to VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA. (zmlp, ) (Entered: 06/09/2004) |
| 06/10/2004 | | Case unsealed as to VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA, by Judge John D. Bates. (zmlp, ) (Entered: 06/15/2004) |
| 06/10/2004 | 14 | ORDER granting the U.S.A.'s motion to unseal the case as to VICTOR MEJIA-MUNERA, MIGUEL MEJIA-MUNERA, HEINER ARIAS-GOMEZ, HERNANDO RENDON RIVERA, WILSON DE JESUS VILLEGAS-JARAMILLO, JUAN CARLOS RESTREPO-SUARES, GERMAN ANGULO, JAIME ROJAS, ORLANDO ZUNIGA. Signed by Judge John D. Bates on 6/10/04. (N) (mlp, ) (Entered: 06/15/2004) |
| 06/15/2004 | 13 | CJA 20 as to JAIME ROJAS : Appointment of Attorney H. Heather Shaner for JAIME ROJAS; Signed by Judge John D. Bates on 6/15/04 NPT 5/14/04. (zerd) (Entered: 06/15/2004) |
| 06/25/2004 | 16 | MOTION to Withdraw as Counsel by H. Heather Shaner as to JAIME ROJAS. (erd) (Entered: 06/28/2004) |
| 06/30/2004 | | Set/Reset Hearings as to JAIME ROJAS : Plea Agreement Hearing set for 7/14/2004 10:00 AM in Courtroom 8 before Judge John D. Bates. (tb) Modified on 6/30/2004 (tb ). (Entered: 06/30/2004) |
| 07/14/2004 | | Minute Entry for proceedings held before Judge John D. Bates :Status Conference as to JAIME ROJAS held on 7/14/2004. Plea of guilty entered on Count 1 of the indictment. Defendant referred to probation for report. Sentencing set for 9/22/2004 09:00 AM before Judge John D. Bates. Defendant committed/commitment issued. (Court Reporter Bryan Wayne) (erd) Modified on 10/1/2004 (mlp) (Entered: 07/27/2004) |

| 07/14/2004 | 17 | PLEA AGREEMENT as to JAIME ROJAS. (erd) (Entered: 07/27/2004) |
|---|---|---|
| 07/14/2004 | 18 | WAIVER of Right to Trial by Jury filed as to JAIME ROJAS. Approved by Judge John D. Bates on 7/14/04. (erd) (Entered: 07/27/2004) |
| 09/22/2004 | | Minute Entry for proceedings held before Judge John D. Bates :sentencing as to JAIME ROJAS held on 9/22/2004 for JAIME ROJAS (8), Count 1: sentenced to Fifty-Two (52) months on Count 1, with credit for time served; followed by Three (3) years supervised release. A One Hundred Dollar special assessment is imposed. Count 2 and forfeiture allegation are dismissed on U.S.A.'s motion. Count 3 and forfeiture allegation are dismissed on U.S.A.'s motion. Count 4 and forfeiture allegation are dismissed on U.S.A.'s motion. Defendant committed/commitment issued. (Court Reporter Bryan Wayne.) (mlp, ) (Entered: 10/07/2004) |
| 09/22/2004 | 19 | Receipt and Acknowledgment of Presentence Investigation Report by JAIME ROJAS. (mlp, ) (Entered: 10/07/2004) |
| 09/22/2004 | 20 | Receipt and Acknowledgment of Presentence Investigation Report by USA as to JAIME ROJAS. (mlp, ) (Entered: 10/07/2004) |
| 09/22/2004 | 21 | JUDGMENT as to JAIME ROJAS (8), Count 1: sentenced to Fifty-Two (52) months on Count 1, with credit for time served; followed by Three (3) years supervised release. A One Hundred Dollar special assessment is imposed. Counts 2, 3, and 4 and forfeiture allegation are dismissed on U.S.A.'s motion. Signed by Judge John D. Bates on 9/22/04. (mlp, ) (Entered: 10/07/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/19/2008 09:53:40 | | |
| PACER Login: | ux2299 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:04-cr-00034-JDB |
| Billable Pages: | 4 | Cost: | 0.32 |



**United States Government**
**M E M O R A N D U M**

**DATE:**     September 16, 2008

**FROM:**     Stephenia Willis
              Wilkie D. Ferguson, Jr., Courthouse 9th FL - North
              (305) 523-5369

**SUBJECT:**  **ROJAS, JAIME**
              **SD/FL PACTS No. 80632**

         **TO:**   Genevieve McGee, Magistrate CRD Coordinator
                   U. S. District Court, Miami, FL

## REQUEST FOR A SOUTHERN DISTRICT OF FLORIDA DOCKET NUMBER

     Attached is Probation Form 22, Transfer of Jurisdiction, signed in Part One on July 29, 2008, by The Honorable John D. Bates, U. S. District Court Judge, District of Columbia and signed in Part Two on September 9, 2008, by The Honorable Paul C. Huck, U. S. District Court Judge for the Southern District of Florida, Miami.

     Please at your earliest convenience assign a docket number for this case. The Clerk of the Court in the District of Columbia has been instructed to forward their complete file to our Clerk of the Court.

     Attached is the original Probation 22, Transfer of Jurisdiction, Judgment and Commitment Order, Indictment and Plea Agreement.

     If you should need any further information, please contact me immediately at the above listed number and thank you in advance for your help and consideration in this matter.

                    Respectfully submitted,

/sgw

Attachments